UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DREIFORT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DJO GLOBAL INC., DJO, LLC, and DOES 1–20,<br><br>Defendants. | Case No.: 3:18-cv-02393-BTM-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF NO. 6]** |

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 6 ("Mot. to Dismiss")). For the reasons discussed below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

Defendants DJO Global, Inc. and DJO, LLC (collectively referred to as "DJO") manufacture a "thick sole walking boot" ("boot"). (ECF No. 1 ("Compl."), ¶ 2.) DJO sells the boot "both directly to consumers and also indirectly through prescribing medical intermediaries." (*Id.* at ¶¶ 2, 17.) Plaintiff was prescribed "an Aircast boot, manufactured by DJO" to assist with an ankle injury. (*Id.* at ¶ 13.) The boot's sole "is approximately 1–2 inches thick," which creates a "leg length

discrepancy" between the leg wearing the boot and the uninjured leg. (*Id.* at ¶ 2.) After wearing the boot for six days, Plaintiff herniated a disc in his back. (*Id.* at ¶ 15.) He had suffered from the same injury in 2007 and 2013. (*Id.*) Plaintiff states he was not warned about "the risk for a secondary injury as a result of boot use." (*Id.* at ¶ 13.) He also claims that DJO does not warn doctors of these risks and that doctors prescribe boots to patients without warning. (*Id.* at ¶ 16.) Plaintiff alleges that his secondary injury "is typical among the users of DJO manufactured thick sole boots." (*Id.*)

DJO also sells "Evenup," "a product designed to equalize a patient's healthy limb length and reduce body strain while walking in a cast or walker." (*Id.* at ¶¶ 15, 49.) When Plaintiff was prescribed the boot, he was not informed about Evenup. (*Id.* at ¶ 13.) Plaintiff purchased the Evenup after developing the back injury. (*Id.* at ¶ 15.) He believes that Evenup "would have prevented the back injury, or at least lessened or delayed it." (*Id.*)

Plaintiff sued DJO for fraud, violations of California business practices law, and product liability. Plaintiff alleges that "[w]alking in the boot causes knee, hip, and back pain," and permanent injury. (*Id.* at ¶ 2.) DJO moved to dismiss. (Mot. to Dismiss.) Plaintiff opposes the motion. (ECF No. 7 ("Pl.'s Opp.").)

## II.  SUBJECT MATTER JURISDICTION

The Court begins its analysis by determining whether it has subject matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the Court must *sua sponte* dismiss a case over which it does not have jurisdiction. *See Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019). The party asserting federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. Plaintiff filed his complaint in federal court, so he bears this burden.

Plaintiff invokes federal jurisdiction under the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1332(d)(1). (Compl., ¶ 9.) CAFA extends federal jurisdiction over class action cases that meet certain requirements. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551–52 (2014). Under CAFA, federal courts have jurisdiction over class actions with at least 100 class members and where the amount in controversy exceeds $5 million. § 1332(d)(5)(B); § 1332(d)(2). There must also be minimum diversity between the parties. § 1332(d)(2). Plaintiff states that the "number of Class members is *likely* in excess of 100" and that the "amount in controversy is *likely* in excess of $5 million." (Compl., ¶ 9 (emphasis added).) Although Plaintiff does not need to prove these facts prior to discovery, he must still affirmatively allege that they exist — not hypothesize that they are merely "likely." *See Dart Cherokee*, 135 S. Ct. at 553 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276 (1977)). Nevertheless, DJO has not challenged the facts Plaintiff alleges to support federal jurisdiction. Accordingly, the Court will reconsider subject matter jurisdiction after discovery. *See id.*

## III.  RULE 9(B) STANDARD

**A. Legal Standard**

A plaintiff who alleges fraud must meet the heightened pleading requirements of Rule 9(b). Under that Rule, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires the pleader to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citations omitted). Rule 9 exists to give defendants notice of the specific misconduct with which they have been accused. *Id.*

Even if fraud is not a necessary element of a claim, the plaintiff must still comply with Rule 9(b) if he "allege[s] in the complaint that the defendant has engaged in fraudulent conduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). This is true when the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id.* This renders the claim "grounded in" or "sounding in" fraud. *Id.* A claim grounded in fraud must meet the heightened pleading requirements of Rule 9(b). *Id.* at 1103–04. "Any averments which do not meet that standard should be disregarded or stripped from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (internal quotation marks and citations omitted).

**B. Discussion**

Plaintiff's first cause of action is for fraud and thus must meet the heightened pleading standards of Rule 9(b). DJO argues that Plaintiff's second, third, and fourth causes of action sound in fraud and must also meet the 9(b) standard. (Mot. to Dismiss, 7:27.) DJO contends that these claims are based on the facts underlying Plaintiff's first cause of action for fraudulent concealment and, separately, incorporate allegations of fraudulent misrepresentation. (*Id.* at 7:27–8:8.) Under California law, fraudulent conduct requires (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage. *Kearns*, 567 F.3d at 1126. The Court finds that Plaintiff's second, third, and fourth causes of action allege that DJO engaged in a fraudulent course of conduct. *See id.* at 1125–26.

Plaintiff's second cause of action is under California's false advertising law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq. Plaintiff claims that DJO (1) "made untrue and misleading representations," (Compl., ¶ 57), (2) "knew or should have known its false representations were indeed untrue," (*id.* at ¶ 59), and (3) "intended to induce members of the public to believe that the product is safe and complete in its current state," (*id.* at ¶ 60). Plaintiff pleads his (4) reliance and (5)

damages in the complaint. (*Id.* at ¶¶ 52–54.) This amounts to an allegation that DJO "engaged in a fraudulent course of conduct." *Kearns*, 567 F.3d at 1125–26.

Plaintiff's third cause of action is for violation of California's unfair competitional law ("UCL"), Cal. Bus. & Prof. Code, §§ 17200, et seq. His UCL claim relies on the allegations in the first and second causes of action and pleads no additional facts. (*Id.* at ¶¶ 63–69.) For the reasons described above, Plaintiff has alleged that DJO engaged in a fraudulent course of conduct here as well.

Plaintiff's fourth cause of action is for violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq. In addition to reincorporating all previous allegations in the complaint, Plaintiff adds to the scienter and intent prongs of the fraud analysis. (*Id.* at ¶¶ 70–80.) He alleges DJO's affirmative knowledge of its "false and misleading representations." (*Id.* at ¶ 76). He contends that DJO "sought to profit" by selling a boot designed to injure customers, who would then subsequently purchase DJO's other products, such as "surgical implants," out of medical necessity. (*Id.* at ¶¶ 76–77.) The scheme Plaintiff sets forth, if true, would amount to a fraudulent course of conduct. The Court finds that the FAL, UCL, and CLRA claims are all grounded in fraud and thus "must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018).

## IV. MOTION TO DISMISS

**A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480,

1484 (9th Cir. 1995). Dismissal is appropriate only where "the complaint fails to state a claim to relief that is plausible on its face." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224–25 (9th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court also reviews the complaint for compliance with Rule 8. Under this rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The rule exists to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A pleading must go beyond "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" fails to satisfy Rule 8's pleading standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B. Discussion**

Plaintiff has sued under five causes of action. DJO moves to dismiss each of them.

1. <u>Fraudulent Concealment</u>

Plaintiff's first cause of action is for fraudulent concealment. (Compl., ¶¶ 30–55; Pl.'s Opp., 8:1–20.) DJO argues that this cause of action fails under Rule 12(b)(6) for failure to state a claim and under Rule 9(b) for failure to plead fraudulent conduct with sufficient particularity. (Mot. to Dismiss, 3:22–7:17.) DJO argues that Plaintiff does not state a claim for "either intentional misrepresentation or fraudulent concealment." (*Id.* at 3:24–4:1.) Plaintiff clarified in his opposition that he sues under only a concealment theory (Pl.'s Opp., 8:1–2), so the Court does not address DJO's false representation arguments. DJO also argues that

Plaintiff lacks standing to request declaratory relief for this claim.

### a. Standing for Declaratory Relief

For a plaintiff to have Article III standing under the U.S. Constitution, he "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The injury must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff requests declaratory relief on behalf of himself and his proposed class for his fraudulent concealment claim. (Compl., ¶ 55.) Standing for declaratory relief is only available where the plaintiff shows "a very significant possibility of future harm." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). Past injury is insufficient to confer standing. *Id.*

Plaintiff argues that he seeks declaratory relief in order to preserve his "claim for bodily injury damages that is otherwise not appropriate for class treatment." (Pl.'s Opp., 18:7–9.) Under Rule 23, a class action requires common questions of fact among the class members. Fed. R. Civ. P. 23(a)(2). Plaintiff has alleged that DJO boots cause "an abnormal gait," "hip differential," and ultimately "secondary pain and injury." (Compl., ¶ 45.) The supporting evidence he provides, such as a pictorial depiction of "improper alignment due to leg length discrepancy," (Compl., ¶ 3), a study on leg length discrepancy, (Compl., Exh. C), and DJO customer reviews, (Compl., Exhs. B, D), appears to allege that the thick soles of DJO boots uniformly cause injury to wearers. Injuries due to a common cause meet the Rule 23 commonality requirement. In *Amchem Products., Inc. v. Windsor*, the U.S. Supreme Court denied class certification for asbestos exposure because potential class members had been "exposed to different asbestos-containing products, for different amounts of time, in different ways, and over different periods." 521 U.S. 591, 624 (1997). In contrast, Plaintiff alleges that anyone who wears a thick sole

1  boot, apparently irrespective of the specific model, will suffer secondary injury as
2  a result. It is Plaintiff's choice whether to pursue his claims individually or in a class
3  action. With respect to declaratory relief, Plaintiff has not demonstrated the
4  requisite possibility of future harm. Accordingly, the motion to dismiss the request
5  for declaratory relief for lack of standing is **GRANTED**. Plaintiff is **GRANTED** leave
6  to amend his complaint. The Court considers the remaining arguments made in
7  DJO's motion to dismiss in the event that Plaintiff seeks other forms of relief.

*b. Rule 12(b)(6)*

"The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns*, 567 F.3d at 1126 (quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 974 (1997)). DJO argues that Plaintiff does not allege reliance and thus does not state a claim for fraud. (Mot. to Dismiss, 4:12–18.)

The Court considers the remaining elements of fraud before returning to justifiable reliance. First, Plaintiff alleges misrepresentation by concealment. He claims that "DJO actively concealed the potential for harm publishing 'CONTRAINDICATIONS: NA' in the manufacturer's instructions on some boot models" and "actively concealed that their boots cause injury by advertising the boots are clinically proven to provide pain relief and improve healing time. (Compl., ¶¶ 41–42.) Second, Plaintiff pleads DJO's knowledge of falsity. (*Id.* at ¶¶ 37–39.) Third, Plaintiff alleges DJO's intent to defraud. (*Id.* at ¶ 49.) Finally, Plaintiff pleads resulting damage. (*Id.* at ¶¶ 53–54.)

To allege reliance in a fraudulent concealment claim, a plaintiff "need only prove that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). DJO argues that Plaintiff does not sufficiently allege reliance because

8

1  Plaintiff does not claim to have been exposed to any DJO statements prior to using
2  the boot. (Mot. to Dismiss, 7:14–17.) This is the standard for reliance in a
3  fraudulent misrepresentation claim. *In re Tobacco II Cases*, 46 Cal. 4th 298, 326–
4  28 (2009). But Plaintiff sues under a fraudulent concealment theory and
5  sufficiently alleges reliance under it. He states that if DJO had not "omitted that
6  thick sole boots are dangerous and cause secondary injury or pain," he "either
7  would not have worn the boot or he would have purchased an Evenup product
8  earlier." (Compl., ¶¶ 33, 52.) This is sufficient to establish reliance under the *Mirkin*
9  standard. Plaintiff states a claim for fraudulent concealment. The motion to
10 dismiss the first cause of action under Rule 12(b)(6) is **DENIED**.

### c. Rule 9(b)

DJO argues that Plaintiff's fraudulent concealment does not meet Rule 9(b)'s heightened pleading standards. (*Id.* at 6:13–7:4.) Specifically, DJO finds factual deficiencies in Plaintiff's allegations of: (1) DJO's concealment of a design defect in its boots, (2) DJO's duty to disclose, (3) DJO's intent to defraud, and (4) Plaintiff's statement that he would not have worn the boot or would have purchased the Evenup product. (*Id.* at 6:13–26.) The Court examines each in turn.

First, Plaintiff has not satisfied Rule 9(b) in his allegation that DJO concealed a design defect in its boots. Plaintiff describes DJO advertisements with allegedly misleading information about the safety of the boot to support his claim of concealment. (Compl., ¶¶ 31–32; Pl.'s Opp., 8:5–9.) He also states that DJO indicated there were no contraindications for using the boot. (Compl., ¶ 41.) These facts meet the 9(b) standard with respect to concealment. But Plaintiff has failed to plead which boot model or models contain a design defect. As DJO asserts, the complaint contains vague references to a "thick sole walking boot," "some boot models," and "all Aircast walking boot models." (Mot. to Dismiss, 17:14–17 (quoting Compl., ¶¶ 1–2, 41, 43–44).) DJO claims that it sells a "wide variety of DJO walking boots." (*Id.* at 18:7–8.) Without information about the specific boot

model(s) with design defects, the Court must find that Plaintiff has not stated the "what" at issue in this case. *See Kearns*, 567 F.3d at 1126. The claim thus fails under Rule 9(b). The Court also finds that the current identification of the relevant boot model is vague and confusing under Rule 8.[1]

Second, Plaintiff has not satisfied Rule 9(b) with respect to DJO's duty to disclose. Concealment constitutes actionable fraud "when the defendant had exclusive knowledge of material facts not known to the plaintiff." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). The duty to disclose "may exist when one party to a transaction" has exclusive knowledge of material facts. *Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976). Plaintiff alleges that DJO had exclusive knowledge of the facts underlying his claim. (Compl., ¶¶ 37–39.) But Plaintiff does not sufficiently plead the existence of any transaction between him and DJO. Plaintiff states he was "prescribed" a DJO boot but does not describe who prescribed the boot to him and how he came to own the boot. (*Id.* at ¶ 13.) If Plaintiff purchased the boot himself, he has insufficiently plead the details of that transaction. If a medical provider gave him the boot directly, the complaint must state this. Plaintiff has inadequately plead the existence of a transaction between him and DJO that would give rise to DJO's duty to disclose. This allegation thus fails under Rule 9(b).

Third, Plaintiff has sufficiently pled DJO's intent to defraud. Under Rule 9(b), intent may be alleged generally. Fed. R. Civ. P. 9(b). Finally, the Court finds that Plaintiff satisfies Rule 9(b) with respect to reliance. He states that he either would not have worn the boot at all or would have purchased the Evenup product sooner. (Compl., ¶ 52.) Supporting this contention is the fact that Plaintiff did in fact

---

[1] The Court reserves judgment on DJO's argument that Plaintiff lacks standing to pursue claims related to boots he never used. (Mot. to Dismiss, 17:12–18:18.) The Court finds that this argument would be better addressed once Plaintiff identifies the relevant boot model and provides information about the purported similarities between boot models.

purchase the Evenup after wearing the boot for several days. (Compl., ¶ 15.) This allegation suffices under Rule 9(b).

Additionally, Plaintiff does not state in his complaint when he sought medical attention for his ankle injury, when he acquired the boot, when he started wearing the boot, and when he suffered the herniated disc injury. Plaintiff's opposition brief states that the injury took place in 2018. (Pl.'s Opp., 11:13–14.) The Court disagrees with Plaintiff's contention that the "exact date is immaterial." (*Id.*) These facts are all necessary under Rule 9(b). *Kearns*, 567 F.3d at 1124. When these events occurred is also relevant to the Court's analysis of the other causes of action Plaintiff has alleged. Plaintiff's claim fails under Rules 8 and 9(b). Accordingly, the Court **DISMISSES** this claim **WITH LEAVE TO AMEND**.

2. FAL, UCL, and CLRA

Plaintiff's second, third, and fourth causes of action are for false advertising ("FAL"), Cal. Bus. & Profs. Code §§ 17500, et seq., unfair competition ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., and for relief under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq., respectively. DJO moves to dismiss each claim for failure to plead statutory standing and failure to meet the Rule 9(b) pleading standard. (Mot. to Dismiss, 7:18–24.)

*a. Standing*

DJO claims that Plaintiff has failed to plead standing under these causes of action. (*Id.* at 8:9–9:21.) Standing requires the Plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. The injury must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

i. FAL and UCL

The standing inquiry is identical for FAL and UCL claims. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–21 (2011). DJO argues that Plaintiff has not

pled an injury in fact sufficient to confer standing. (Mot. to Dismiss, 8:13–15, 27–28.) The FAL and UCL limit standing to "any person who has suffered injury in fact and has lost money or property" as a result of the FAL or UCL violation. *Kwikset*, 51 Cal. 4th at 320–21. To meet this requirement, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 322. Where the plaintiff sues under a fraud theory, the causation prong must be proved based on reliance, as set forth by *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009). *Kwikset*, 51 Cal. 4th at 887–88. *In re Tobacco II Cases* held that a plaintiff suing under fraudulent misrepresentation "must demonstrate actual reliance on the allegedly deceptive or misleading statements" and "that the misrepresentation was an immediate cause of the injury-producing conduct." 46 Cal. 4th at 306, 326. In contrast, to show reliance in a fraudulent concealment claim, the plaintiff "need only prove that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Mirkin*, 5 Cal. 4th at 1093.

First, the Court finds that Plaintiff has sufficiently alleged economic injury. Plaintiff states he had to purchase an additional item (Evenup) in order to make an allegedly incomplete product complete. (Compl., ¶¶ 53, 58, 61.) This expense qualifies as an economic injury. *See Aron v. U–Haul Co. of Cal.*, 143 Cal. App. 4th 796, 802–04 (2006) (finding economic injury where the plaintiff was required to purchase excess fuel). Though not pleaded, any economic losses associated with Plaintiff's herniated disc — such as lost wages or medical expenses — would also qualify as economic injuries. *See Kwikset*, 51 Cal. 4th at 323.

Second, the Court considers whether Plaintiff alleges causation. He claims that "DJO failed to make complete truthful representations which would indicate the product should be used in conjunction with a separate product, Evenup," which

he later purchased. (Compl., ¶ 57; *id.* at 53.) To the extent that Plaintiff's claims are grounded in fraudulent concealment, the Court has already determined that he has established reliance. But to the extent that Plaintiff's claims are rooted in fraudulent misrepresentation, he has not sufficiently pled reliance. As DJO argues, Plaintiff has not claimed that he "saw or was exposed to any advertisements or representations by DJO prior to purchasing or using a DJO boot, much less that he relied upon DJO's representations." (Mot. to Dismiss, 9:8–11.) Plaintiff cannot bring any claim rooted in fraudulent misrepresentation if he was never actually influenced by DJO statements. *See Tobacco II Cases*, 46 Cal. 4th at 328. Plaintiff has pled standing for the FAL and UCL causes of action to the extent that they are grounded in a fraudulent concealment theory. But he has failed to demonstrate standing for these causes of action to the extent that they are grounded in fraudulent misrepresentation. Accordingly, the motion to dismiss for lack of standing is **GRANTED IN PART AND DENIED IN PART** based on the fraud theory alleged in these claims.

        ii.     CLRA

The CLRA states: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action." Cal. Civ. Code § 1780. The CLRA prohibits fraudulent misrepresentation and concealment. *Id.* § 1770(a)(5), (a)(9); *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1258 (2018). "[A]ny damage" under the CLRA is not limited to pecuniary damage. *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 640 (2009); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (2013). Plaintiff has pled economic damage as described above.

For Plaintiff to have standing to bring this fraud-based CLRA claim, he must also plead reliance. The Court refers the parties to its reliance discussion with respect to the FAL and UCL claims. Plaintiff has pled standing for a CLRA claim

rooted in fraudulent concealment, but not one based on fraudulent misrepresentation. The motion to dismiss for lack of standing is thus **GRANTED IN PART AND DENIED IN PART** based on the fraud theory supporting Plaintiff's CLRA claim.

DJO further argues that Plaintiff lacks standing to pursue CLRA penalties available to senior citizens and disabled persons. (Mot. to Dismiss, 10:1–18 (citing Compl., Prayer).) The CLRA sets forth statutory penalties to "[a]ny consumer who is a senior citizen or a disabled person" subject to certain court findings. § 1780(b)(1). A disabled person is one "who has a physical or mental impairment that substantially limits one or more major life activities." *Id.* § 1761(g). Plaintiff does not request the penalties available to senior citizens. He seeks only those available to disabled persons. (Compl., Prayer, ¶ 3.)

Plaintiff states in the complaint that he herniated a disc in his back after wearing the boot for six days, and that the boot "put him out of commission." (Compl., ¶ 14.) Plaintiff clarified his standing to pursue CLRA penalties for disabled persons in his opposition to DJO's motion to dismiss. There, he states that he is "plausibly considered a disabled person," because he was "out of commission" and "likely not able to walk or work." (Pl.'s Opp., 15:23–16:2.) Walking and working are major life activities under the CLRA. § 1761(g)(2). But Plaintiff's uncertain statements do not set forth the facts necessary to deem him a disabled person. Plaintiff should be able to state with certainty whether or not he was able to walk or work while he was "out of commission." Additionally, Plaintiff has not given any facts indicating that he was employed during the time he was "out of commission." Plaintiff has not provided the factual basis to establish his standing to pursue penalties reserved for disabled persons. Accordingly, the Court **GRANTS** the motion to dismiss Plaintiff's request for these penalties for lack of standing. The Court **GRANTS** Plaintiff leave to amend his complaint to resolve the factual deficiencies discussed above.

### iii. Injunctive Relief

Finally, DJO argues that Plaintiff lacks standing to request injunctive relief for the FAL, UCL, and CLRA causes of action. (Mot. to Dismiss, 16:22–17:11.) To have standing, the plaintiff "must establish a 'real and immediate threat of repeated injury.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). Plaintiff has not alleged that he intends or desires to use DJO boots in the future and thus does not have standing to seek an injunction under any of these claims. *See Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018); *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1114 (9th Cir. 2013). Restoring credibility between Plaintiff and a third party not in this lawsuit is not a proper ground to confer standing. (*See* Pl.'s Opp., 19:19–21.) The motion to dismiss Plaintiff's requests for injunctive relief under these claims is **GRANTED WITH LEAVE TO AMEND**.

### b. Rule 9(b)

DJO argues that Plaintiff fails to plead the FAL, UCL, and CLRA claims with sufficient particularity. The Court determined above that these claims all sound in fraud and must be reviewed under the Rule 9(b) standard.

### i. FAL

The Court finds that Plaintiff's FAL claim does not meet the 9(b) standard. As discussed above, Plaintiff has sufficiently pled standing to bring an FAL claim based only on fraudulent omission. The Court reiterates its findings from the first cause of action that the complaint suffers from factual deficiencies with respect to the relevant boot model, how Plaintiff acquired the boot, and when the relevant events took place. Accordingly, the Court **DISMISSES** the FAL claim **WITH LEAVE TO AMEND**.

### ii. UCL

The Court finds that Plaintiff's UCL cause of action is an impermissible shotgun pleading and thus does not meet the 9(b) standard. A "shotgun pleading"

is one "that violates Rule 8's requirement of a 'short and plain statement'" by "incorporate[ing] each preceding paragraph, regardless of relevancy," into a cause of action. *Destfino v. Kennedy*, 2008 WL 4810770, at *3 (E.D. Cal. 2008), *aff'd sub. nom.*, *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011); *see also Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1239 n.21 (E.D. Cal. 2018) ("Although other paragraphs in the Complaint may indicate 'fraudulent' conduct, the shotgun incorporation by reference of literally every prior allegation that preceded the UCL claim is improper and does not meet Rule 8 standards, let alone Rule 9 standards."). The first paragraph of Plaintiff's UCL claim "repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein." (Compl., ¶ 63.) The remaining paragraphs allege the elements of a UCL claim in a conclusory manner and without any factual support. (*See id.* at ¶¶ 64–69.) The UCL claim thus fails under Rule 8 and, necessarily, under Rule 9. The Court **DISMISSES** the UCL claim **WITH LEAVE TO AMEND**.

### iii. CLRA

The Court finds that Plaintiff's CLRA claim does not meet the 9(b) standard. Plaintiff has sufficiently pled standing to bring a CLRA claim based only on fraudulent omission. The Court reiterates its findings that the complaint suffers from factual deficiencies with respect to the relevant boot model, how Plaintiff came to own the boot, and when the relevant events took place. *See Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006). It thus fails under Rule 9(b). Accordingly, the Court **DISMISSES** the CLRA claim **WITH LEAVE TO AMEND**.

3. Product Liability

Plaintiff's fifth cause of action is for product liability. A strict products liability claim may be premised on a manufacturing defect, design defect, or failure to warn. *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 995 (1991). Plaintiff sues under both design defect and failure to warn theories. (Compl., ¶¶

82–85.) DJO moves to dismiss this cause of action for failure to state a claim under Rule 12(b)(6). (Mot. to Dismiss, 11:2–3, 13:12–13.) DJO also argues that Plaintiff lacks standing to seek declaratory relief for this cause of action. (Mot. to Dismiss, 14:22–15:10.) For the reasons set forth in the first cause of action, the motion to dismiss the request for declaratory relief for lack of standing is **GRANTED**. Plaintiff is **GRANTED** leave to amend his complaint.

### a. Design Defect

Under California law, two tests identify whether a design defect exists. *Anderson*, 53 Cal. 3d at 995. The first is the consumer expectations test, which asks "whether the product performed as safely as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner." *Id.* The second is the risk-benefit test, which asks "whether on balance the benefits of the challenged design outweighed the risk of danger inherent in the design." *Id.* Plaintiff's does not identify on which test his design defect claim is based. His argument focuses on DJO's "Aircast Airselect Elite," a "superior" boot with a "thinner sole" that is a "viable safer alternative" to the boot Plaintiff used. (Compl., ¶ 82.) This allegation does not indicate why the boot's design was defective. A design that is defective for failure to meet consumer expectations is different from a design that is defective for failing the risk-benefit test. Plaintiff's current allegation of a design defect is a "bare" and "insufficient legal conclusion" under Rule 8. *See Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (citing *Iqbal*, 556 U.S. at 677–78). Accordingly, the Court **DISMISSES** the design defect claim **WITH LEAVE TO AMEND**. Without knowledge of the applicable design defect test, the Court cannot review DJO's factual sufficiency argument. DJO may re-raise this argument upon the filing of an amended complaint.

### b. Failure to Warn

Failure to warn may be asserted in a negligence or strict products liability action. *Webb v. Special Elec. Co., Inc.*, 63 Cal. 4th 167, 181 (2016). Plaintiff

alleges failure to warn in strict liability. (Compl., 15:23–14, ¶¶ 84–85.) Manufacturers are "strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product." *Johnson v. Am. Standard, Inc.*, 43 Cal. 4th 56, 64 (2008).

Plaintiff states that DJO does not warn consumers or prescribing physicians "at all" about the alleged risk of injury from wearing the boot. (Compl., ¶ 84.) DJO rejects this claim. First, DJO raises the learned intermediary doctrine. (Mot. to Dismiss, 11:14–20.) Plaintiff argues, and the Court agrees, that the learned intermediary doctrine does not release DJO from liability. (Pl.'s Opp., 13:24–14:15.) The doctrine does not apply to medical devices "intended to be operated by the patient outside the medical environment." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 319 (2017). A prescription is not required to purchase a boot. (Compl., ¶ 2.) The boot is intended to be operated by the patient without medical assistance. In such a case, the manufacturer's "duty to warn runs to the patient as well as the medical professional." *Bigler-Engler*, 7 Cal. App. 5th at 320.

Second, DJO argues that Plaintiff does not allege "whether DJO provided any warnings with the boot Plaintiff used, whether Plaintiff read those warnings, whether or how those warnings were inadequate," and other related facts. (Mot. to Dismiss, 11:23–26.) A failure to warn claim requires that "either no warning was provided, or that the provided warning was inadequate." *Latiolais v. Merck & Co., Inc.*, 2007 WL 5861354, at *3 (C.D. Cal. 2007). Plaintiff states that "DJO does not warn consumers at all" and that DJO does not warn prescribing physicians. (Compl., ¶ 84.) Plaintiff has sufficiently pled this element.

Third, DJO contends that Plaintiff's claim fails because "he does not allege that any supposedly inadequate warnings affected his doctor's decision to use the product or that his physician would have altered use of the product had an adequate warning been provided." (Mot. to Dismiss, 12:3–7.) A plaintiff asserting

failure to warn must establish "that the inadequacy or absence of the warning caused plaintiff's injury." *Latiolais*, 2007 WL 5861354, at *3. Plaintiff thus must allege not only that his doctor would have acted differently if DJO had provided an adequate warning, but also that Plaintiff himself would have behaved differently with such a warning. Plaintiff states that "[p]hysicians, patients, and consumers would take efforts to prevent the harm caused by the boot if they were warned of the potential harm" and that Plaintiff "either would not have worn the boot or he would have purchased an Evenup product earlier." (Compl., ¶¶ 51–52.) Plaintiff has not alleged any facts regarding his own prescribing physician's decision-making process. He thus does not state a claim for DJO's failure to warn his physician. But Plaintiff has sufficiently alleged that DJO failed to warn him directly.

Finally, DJO asserts that Plaintiff has not sufficiently alleged DJO's knowledge. A plaintiff must prove that the purported product risk "was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution." *Anderson*, 53 Cal. 3d at 1002. Plaintiff references a "Leg Length Discrepancy Study" in his complaint. (Compl., Exh. C.) The study was published in the Elsevier journal in 2017. (*Id.*) Plaintiff has not sufficiently pled that this single study was "generally recognized" and the "prevailing best scientific medical knowledge available at the time of manufacture and distribution." *Anderson*, 53 Cal. 3d at 1002. Additionally, Plaintiff's current complaint does not indicate that this study predated DJO's manufacture and distribution of the boot or boots at issue. Accordingly, the failure to warn claim is **DISMISSED WITH LEAVE TO AMEND**.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Plaintiff leave to amend his complaint within 21 days of the entry of this order. Defendants shall

19

3:18-cv-02393-BTM-KSC

file a response to the present or amended complaint within 21 days of the service of any amended complaint or the expiration of the 21-day period to amend, whichever comes first.

**IT IS SO ORDERED**.

Dated: October 28, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge